Rums, Judge.
 

 The court would gladly in this, as in every case, administer justice according to the true rights of the parties, as collected from any part of the pleadings or proofs. There seems to have been an,agreement for the redemption of the home tract; and if the frame of the bill put it in our power, that would be decreed. But the ease is there stated in a manner so foreign from the truth, and with a view to relief so entirely different, as not to put in issue the question of redemption, and render any of the examination of the witnesses to that point relevant or competent; or even to authorize a deci’ee upon a. particular admission of the defendants.
 

 
 *48
 
 The wife is an aside a deed for lently'p’rocured |ier lws‘
 

 His Honor here repeated the substance of the bill as above stated, and proceeded as follows : The first observation which the case, thus stated, calls for is, that the wife was improperly made a plaintiff. Her rights were not affected, as she did not execute, the deed of trust, or apy other conveyance, according to the charges of the bill. The deed, if any, was that of the husband, an^ operated upon his own estate only. For which reason the bill of the wife would necessarily be dismissed.
 

 But upon the answer and proofs, it turns out, that not one material allegation of the bill is true. There was no deed of trust, nor a conveyance of any sort, obtained from
 
 Browning
 
 before the sale. There was no pretence of selling under such authority. There was no fraud or deception in obtaining a sale, or in the defendant’s purchase, The answer states, and witnesses on both sides prove, that for a just demand, the defendant
 
 William
 
 was about suing
 
 Browning,
 
 who besought him not to do so, and agreed
 
 to raise the
 
 money by a-sale of his property without suit. That accordingly, he himself advertised the sale, and was present at it; that he delivered the articles for sale, and got the defendant
 
 Moses to
 
 cry them 5 and that, at such public sale, the defendant
 
 William
 
 purchased one of the tracts of land, andón the evening of the same day, by agreement and deed, made and executed in the presence of a crowd of people, purchased from
 
 Browning
 
 and wife the other tract. This obviously answers the whole
 
 bill;
 
 andbeingproved to be true, annuls all the equity alleged.
 

 But the answer, going beyond the matter of the bill, ' admits that at the sale the defendant
 
 William
 
 purchased one of the tracts of land at
 
 $20,
 
 and took a conveyance from Browning, whose wife would not join in the sale and conveyance, which caused it to sell so low. It further states, that $80 yet remained to beraised, and that
 
 Browning’s
 
 life estate in the other (home) tract would not bring it; hut that he,
 
 William,
 
 proposed to give that sum for it, ifthe husband and wife would both convey that tract in fee to him: and it further admits, that this last tract was to he subject to redemption by
 
 Mrs.
 
 Browning.,
 
 *49
 
 if she should repay the same sum within two months, and that under that agreement
 
 Browning
 
 and wife did convey the home tract, tho’ she refused to execute the deed for the other, and hath since refused to bo privily examined to that which she did execute. To this statement there is full proof by many witnesses on each side, in every particular but one : that is the point, whether the agreement for redemption extended to both tracts, or related to the home tract alone. For it seems, that
 
 Mrs. Browning's
 
 father afterwards tendered $100 on her behalf, and claimed a reconveyance; which the defendant refused as to tho first tract, but offered for $80, as to the home tract. But that was not accepted unless both pieces could be
 
 got;
 
 and
 
 thereupon this
 
 suit was brought. Upon the proofs on this disputed point, the preponderance is, in the opinion of the court, with the defendants, "were it proper to consider them. But as they are manifestly out of the pleadings, they cannot bo heard
 
 ;
 
 for they are not material to any issue between the parties, and consequently have no sanction for their truth.
 

 Proofs which lire not material to any issue between the parties cannot be read upon the bearing.
 

 The plaintiff Sometimes obtains a decree solely upon the admission in the answer, but the admission must have some reference to the case made by the bill and not be entirely in a-yoidance of it.
 

 Relief never can be ¡ywen which is directly contrary to the prayer of the bill —as if the player is, thata deed
 
 *50
 
 be cancelled, a decree in affirmance of it will not be made.
 

 
 *49
 
 Will the answer of the defendants authorize a decree to the extent of the admissions made in it ? in some cases it might. For it is not necessary that the bill should precisely allege every matter in accordance with the proofs, or the admissions of the answer. But it is requisite, that its statement should have some semblance of the reality ; and that an admission in the answer, to be acted on, should have reference to, or bearing on the case made in the bill, and not be in entire avoidance of it. Here a simple question of redemption, in which the real controversy is confined to the single point of fact, whether one,or two tracts of land should he redeemed, is altogether disguised, and turned into a case of aggravated fraud made up of falsehood, oppression, breach of confidence, treachery, and undue advantage taken of an illiterate man ; on which is founded a prayer to cancel the deeds, or for an absolute reconveyance. The court cannot give relief contrary to that asked for, and on a case, tho’ appearing in the answer, standing directly
 
 *50
 
 opposed to that stated by the plaintiff. When the plaintiff asks us to rescind a contract upon a fraud of this sort, we cannot affirm an essentially different contract, and decree relief on it as affirmed. Upon a case and prayer to cancel deeds, we cannot set them up, upon the ■ground of a fair, specific agreement for redemption, and-decree such redemption. The charge and the admission are nothing alike, and . do not relate to the same transaction. It is not like holding fraudulent deeds to be a security for advances under them. Justice to defendants demands this. much at least from the court.: that they should be enabled from the allegations in the hill to form some intelligible notion of the ground of complaint, and the nature of the redress sought. And a respect for the perspicuity and certainty of judicial proceedings, and professional proficiency likewise prescribe the duty to the/ draughtsman, to put into the hill such statements as will convey to the court, at least an outline of the case, and some idea of the principle oh which the relief is sought.
 

 Costs are not given against a married woman in a suit for matters occurring after the cover-ture, and to which she is an unnecessary party.
 

 To give any relief in such a case as the present, would be allowing a latitude or laxity of statement, incompatible with the rules of equity pleading, with the ease of the court, and a just regard to the rights of the defendants generally. Indeed it might be against the interests of the plaintiffs
 
 themselves;
 
 for upon a proper bill, they may be lot into proof, and he able to prove, that both.. tracts were included in the agreement for redemption.
 

 The bill must therefore be dismissed at the cost of the plaintiff, James Browning„ No costs are given against the wife, because the suit is founded on matter happening altogether during coverture, in which her interest, according to the bill itself, is not in the least concerned. It is not considered her suit
 
 therefore;
 
 and it is supposed, that the defendant’s costs are sufficiently secured by the prosecution bond. At all events, the wife was improperly, and without her consent, made by her husband, or the solicitor, a party, as far as appears to the court; apd therefore costs are not given against her.
 

 Per Curiam. — Biim dismissed.